■ S. Bower, Inc., Appellant-Respondent, v GA Insurance Company of New York, Respondent-Appellant. [630 NYS2d 744] —Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered on March 24, 1994, which granted defendant's motion for judgment dismissing the action notwithstanding the jury's verdict of $224,849.22 in favor of plaintiff, only to the extent of setting aside the verdict as against the weight of the evidence pending a new trial solely on the issue of damages, unanimously modified, on the law, the motion denied in toto and the jury's verdict reinstated and, as so modified, the order is otherwise affirmed, with costs. The Clerk is directed to enter judgment in plaintiff's favor accordingly.

In this action to recover for breach of an insurance contract based upon defendant insurer's refusal to pay plaintiff's claim for $224,849.22 in damage to its inventory caused by a burst steam pipe, the jury obviously credited the testimony of plaintiff's owner and operator who, as the major eyewitness, spent by far the most time examining the damaged goods, consisting of photographic and electronic equipment. In setting aside the verdict, which awarded plaintiff the full amount of its claim, the trial court approved the jury's rejection of defendant's defenses of fraudulent overstatement and noncooperation but concluded that,

"because of the burden imposed upon this jury, including the numerous lists, photographs and technical reports, the jury failed to properly weigh the evidence and that the jury's evaluation of the evidence as to the amount of the damages suffered was affected by issues (and non-issues) unrelated to the testimony and evidence. A review of the evidence, including photographs of the allegedly damaged items['] post-loss condition, the numerous undamaged or minimally damaged accessories placed into evidence by defendant and the testimony of defendant's experts, Krieg and Wedoff, makes it plain that the jury's determination could not have been reached on a fair interpretation of the evidence had the jury applied the law as charged.

"Even adopting the broad evidence rule urged by plaintiff, the proof of the value of his inventory before the steam damage and the method of valuation of his loss afterwards was highly unsatisfactory. Large numbers of items were shown to have sustained no damage, yet the jury awarded the full amount claimed; other items (such as accessories for the once popular 110 disc camera as well as other cameras no longer in use) were of negligible value before the loss yet the jury also awarded the original value which was claimed by plaintiff for

those items. Much of the property for which the jury awarded full value is clearly in existence. Plaintiff's claim that relatively undamaged items were rendered of no value because they were unsalable is merely subjective. As the property was not destroyed, the jury should not simply have accepted plaintiff's contention that the property was of no value to him, but should have weighed the evidence given by defendant's experts and the physical evidence which demonstrates that the property still has value."

The parties cross-appeal, plaintiff arguing that the court abused its discretion and the jury's verdict should be reinstated, and defendant arguing that the court did not go far enough inasmuch as plaintiff did not establish a prima facie case as a matter of law and the action should be dismissed.

To accept defendant's position, that plaintiff should receive nothing and its complaint should be dismissed, would be patently unjust. Defendant makes much of certain duplications between items in an inventory prepared in connection with a 1988 fire and items claimed to have been damaged in the 1990 steam incident. But in each case plaintiff's owner testified that the steam-damaged items had not been damaged in the earlier fire, that the fire-damaged items had been thrown out, and that he does not know how the other insurance company broke down its settlement, i.e., which items in the 1988 inventory were found to have been damaged by fire. The court correctly noted that most of defendant's evidence at trial was directed toward showing that plaintiff overstated its claim by including items for which it had been earlier compensated. The jury heard this evidence and rejected it, and the court accepted the jury's finding on credibility. The jury believed plaintiff's testimony that all the damaged items in the earlier claim had been replaced, and this was a fair interpretation of the evidence. There is no reason for this Court to resolve the credibility issue against plaintiff, especially since the trial court was not inclined to do so.

In sum, plaintiff has adequately demonstrated that the testimony of defendant's experts Krieg and Wedoff, which the jury rejected but which the trial court relied upon to set aside the verdict, was discredited upon cross-examination, and that the no longer manufactured items, rather than being of negligible value as found by the court, could have had enhanced value for hobbyists and collectors. Lenses and other items of delicate and intricate construction that the court found to be "clearly in existence" were nevertheless damaged and useless because steam had damaged or infiltrated the

packaging, and were of no value to plaintiff since they could not be sold as new, which was plaintiff's only business.

Again, it must be noted that it is not practicable to focus on individual items when dealing with alleged damage to about 16,000 items (40% of the total of 40,000 items in the basement area). Undoubtedly, given the large number of items in the claim, there are some that were undamaged. Without a piece by piece examination, and disassembly of cameras and lenses, no one can know for sure. Thus, the jury's evaluation of the evidence should be given particular weight, given that they examined the evidence, plus hundreds of photographs, over a two-week period. Obviously they strongly favored plaintiff's evidence since there was no compromise or lessening of the full amount claimed under the policy. Concur—Kupferman, J. P., Ross, Asch, Nardelli and Tom, JJ.